An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHESTON LEE TURNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61789

FILED

MAY 1 5 2013

 TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of coercion. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant Cheston Turner argues that the district court abused its discretion at sentencing by relying on the impalpable and highly suspect testimony of several witnesses. We disagree. Although the district court found the witnesses' testimony to be suspicious, it noted that Turner's plea agreement required it to accept as true the facts as alleged in a jointly prepared offense synopsis. The district court was also aware of Turner's prior criminal history and the underlying nature of the instant offense. Because Turner's sentence was not "supported *solely* by impalpable and highly suspect evidence," *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996), we conclude that the district court did not abuse its discretion by sentencing Turner to 24-60 months

13-14365

imprisonment, *see* NRS 207.190(1)(a), (2)(a); *Parrish v. State*, 116 Nev. 982, 989, 12 P.3d 953, 957 (2000). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____ , J.
Gibbons

_____ , J.          _____ , J.
Douglas                                                   Saitta


cc:     Hon. Brent T. Adams, District Judge
        Marc Picker, Esq., Ltd.
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1]Turner's fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have 1-inch margins on all four sides. We caution Turner's counsel, Marc Picker, that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. See NRAP 3C(n).